**Davinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–70362.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.*

Filed March 29, 2011.

Sanjay Sobti, Esquire, U.S. Law Center, Corona, CA, for Petitioner.

Stuart Nickum, Trial, OIL, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM **

Davinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings due to ineffective assistance of counsel. Our

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen where the motion was filed more than six years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to show he acted with the due diligence required to warrant equitable tolling of the filing deadline, *see Iturribarria*, 321 F.3d at 897. In light of our holding, we need not address Singh's contentions concerning the merits of his ineffective assistance of counsel claim.

We lack jurisdiction to consider Singh's challenge to the BIA's underlying order dismissing his appeal from the immigration judge's decision, because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**